# EXHIBIT 4

## Copy

## of

## Mukasey's " Reply in Support of Motion to Dismiss for lack of Jurisdiction and for Failure to State a Claim" filed in habeas Cohen v Mukasey US District Court on 01/22/09.

11 0428

**FILED**

FEB 2 4 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Case No. 08-cv-01844-LTB-CBS

SOLOMON BEN-TOV COHEN,

      Petitioner,

v.

MICHAEL MUKASEY, Attorney General,

      Respondent.

---

## REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM

---

Petitioner's response to the Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim doesn't give the Court any reason to deny that motion. Most of Petitioner's arguments are irrelevant because this Court lacks jurisdiction to consider them given that Congress has stripped this Court of jurisdiction to consider discretionary bond determinations like the one Petitioner challenges here. 8 U.S.C. §§ 1226(a), 1252(a)(2)(B)(ii). Even if this Court had jurisdiction to consider those arguments, most would be foreclosed by the Tenth Circuit's decision in *Ferry v. Gonzales*, 457 F.3d 1117, 1129 (10th Cir. 2006), that the procedure used by the Visa Waiver Program ("VWP"), under which Petitioner entered the United States, provides Petitioner with all the due process he is entitled to.

A.     **This Court lacks jurisdiction to consider Petitioner's challenges to the discretionary decision to detain him.**

In Petitioner's response, he raises a multitude of arguments against his detention. However, those arguments are irrelevant if Petitioner cannot meet his threshold burden of

1

showing that this Court has jurisdiction. Petitioner's only substantive argument that Court has jurisdiction appears to be that while the REAL ID Act may strip jurisdiction over final deportation orders, it does not strip jurisdiction in cases where the issue is something other than a final removal order. *See, e.g.*, Resp. at 16-17.

Petitioner may be correct that in certain situations the REAL ID Act does not strip district courts of all jurisdiction with respect to all petitions for habeas corpus. However, the principle case cited by Petitioner, *Lin v. Chertoff*, 522 F. Supp. 2d 1309, 1314 (D. Colo. 2007), provides no support for finding jurisdiction in this case. In *Lin*, the petitioner brought both a habeas claim and a mandamus claim. *Id.* at 1312. As to the habeas claim, the court found that it lacked jurisdiction. *Id.* at 1312. However, it did find that it had jurisdiction to consider the mandamus claim and ordered CIS not to remove the petitioner until CIS adjudicated an application that may have allowed the petitioner to avoid removal. *Id.* at 1318.

Petitioner's situation is different, however, because it is a habeas case, not a mandamus case, and Congress has explicitly barred jurisdiction in cases like Petitioner's that challenge discretionary decisions regarding release on bond.[1] An alien in Petitioner's situation may be granted bond under certain conditions. 8 U.S.C. § 1226(a). That is a discretionary decision made by ICE. 8 U.S.C. § 1226(a), Mtn. Ex. 1 at ¶ 6. An immigration judge lacks jurisdiction to make bond determinations for VWP entrants like Petitioner. 8 C.F.R. § 208.2(c)(3)(I). Congress has provided that "[t]he Attorney General's discretionary judgment regarding the application of



[1]Petitioner's arguments about his March 2004 $3,000 bond, e.g., that it hasn't been revoked and that, therefore, no bond is necessary, *see., e.g.*, Resp. at 38, 54, are mistaken. A condition of the March 2004 bond was that he appear at hearings. Dkt. 34-3 at 12. Petitioner doesn't contest that he failed to appear at a subsequent hearing. Because a condition of the bond was violated, it follows that the bond was revoked and is not longer in effect.

this section *shall not be subject to review.*" 8 U.S.C. § 1226(e) (emphasis added). Congress has further specified that discretionary orders, like those regarding bond determinations, are not reviewable by this Court. 8 U.S.C. § 1252(a)(2)(B)(ii). 8 U.S.C. § 1252(a)(2)(B)(ii) strips jurisdiction — even habeas jurisdiction under 28 U.S.C. § 2241 — from all courts to review discretionary decisions "under this subchapter." The subchapter referred to includes 8 U.S.C. §§ 1151-1378. *Yerkovich v. Ashcroft*, 381 F.3d 990, 992-93 (10th Cir. 2004). The section regarding bond determinations is 8 U.S.C. § 1226 and is therefore included in that prohibition. Thus, this Court lacks jurisdiction to consider Petitioner's request for release or release on bond. *See Mutebi v. Mukasey*, 2008 WL 4297035, *5-*6 (D. Colo. Sept. 11, 2008) (Court lacks jurisdiction to consider habeas petition requesting release on bond pending asylum hearing).

**B.      Even if the Court had jurisdiction, it would conclude that Petitioner has received all the due process he is entitled to.**

Petitioner alleges a variety of ways in which he believes the decision not to grant him release on bond was deficient. For example, he argues that an Immigration Judge (or perhaps a judge of this Court) should conduct a bond determination hearing rather than allow an ICE official to make the bond determination, as required by the VWP. Petitioner's challenges are basically due process challenges. However, the Tenth Circuit has held that the VWP provides all the due process a VWP entrant is due. *Ferry*, 457 F.3d at 1129 ("By signing the VWP waiver, Ferry received all the due process he is due. Ferry was referred to a hearing before an immigration judge on his applications for removal, and for relief under CAT. He relinquished his rights to all other forms of relief."). Therefore, even if this Court had jurisdiction — which it doesn't — it would have to conclude the Petitioner's due process challenges to the denial of his bond were meritless.

3

**C.     None of Petitioner's other arguments support denying the Motion to Dismiss.**

Petitioner argues that Respondent's response to the application for habeas corpus was late. However, the Court has the inherent power to extend the time required for the response, *Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965), and Respondent complied with the Court's order regarding his response. Dkt. No. 7.

Petitioner also suggests that his case isn't just a habeas case but is also brought under the "Federal Common Law of Bail," *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and maybe other theories. But those claims aren't before this Court and, therefore, irrelevant to the Motion to Dismiss, because the only jurisdiction Petitioner invokes in his petition is under the habeas corpus statute.

Petitioner does not directly address Respondent's argument that Petitioner's challenges to his conditions of confinement fail to state a claim in a habeas action. However, Petitioner does clarify that his claim regarding his alleged inability to practice his religion while incarcerated is now moot. Resp. at 65.

**Conclusion**

The Court should dismiss the Application for a Writ of Habeas Corpus for the reasons given in the Motion to Dismiss and above.

DATED January 22, 2009.                    Respectfully Submitted,

DAVID GAOUETTE
Acting United States Attorney

By:     s/ *Timothy B. Jafek*
TIMOTHY B. JAFEK
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

4

Telephone:(303) 454-0100
Fax: (303) 454-0407
timothy.jafek@usdoj.gov

Counsel for Respondent