# EXHIBIT 5

## Copy

## of

## Respondent's Supplemental Appendix filed in Habeas Appeal by Tony West 03/01/2010.

11 0428

**FILED**

FEB 2 4 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

No. 09-1277

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

SOLOMON BEN-TOV COHEN,

Petitioner,

v.

THERESA HUNT
WARDEN, GEO-ICE DETENTION FACILITY,

Respondent.

On Appeal From the United States District Court
for the District of Colorado
The Honorable Lewis T. Babcock, Senior United States District Judge
Civil Action No. 1:08-cv-01844-LTB-CBS (D. Colo.)

RESPONDENT'S SUPPLEMENTAL APPENDIX

TONY WEST
Assistant Attorney General

ELIZABETH J. STEVENS
Assistant Director, District Court Sec.
Office of Immigration Litigation

CHRISTOPHER W. DEMPSEY
Senior Litigation Counsel
District Court Section - OIL
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4110

Attorneys for Respondent

# INDEX TO SUPPLEMENTAL EXCERPTS OF RECORD

| PAGE | DATE | DESCRIPTION |
|---|---|---|
| 1-6 | 11/06/2008 | Order Of Immigration Judge |
| 7-11 | 04/07/2009 | Order Of Board Of Immigration Appeals |
| 12-13 | 04/27/2009 | Order Denying Stay Of Removal |
| 14-15 | 07/09/2009 | Warning For Failure To Depart, I-229(a) |
| 16 | 08/04/2009 | Warning For Failure To Depart, I-229(a) |
| 17-18 | 08/26/2009 | Notice Of Failure To Comply |
| 19-20 | 08/29/2009 | Notice To Alien Of File Custody Review |
| 21-29 | 10/05/2009 | Post Order Custody Review Worksheet |
| 30 | 10/05/2009 | Notice Of Failure To Comply |
| 31-32 | 10/27/2009 | Warning For Failure To Depart, I-229(a) |
| 33-34 | 11/27/2009 | Warning For Failure To Depart, I-229(a) |
| 35 | 12/24/2009 | Warning For Failure To Depart, I-229(a) |
| 36-37 | 01/21/2010 | Notice Of Failure To Comply |

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Aurora, Colorado

File No.:  ███████████        November 6, 2008

In the Matter of            )
                            )
SOLOMON BEN-TOV COHEN       )    IN ASYLUM-ONLY PROCEEDINGS
                            )
          Respondent        )

CHARGE:

APPLICATIONS:


ON BEHALF OF RESPONDENT:        ON BEHALF OF DHS:

Brett Davies                    Weldon S. Caldbeck


## ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent is a 47-year-old male who is a native and citizen of Great Britain. He arrived in the United States on 'June 21, 2002, at Los Angeles, California and was admitted under the Visa Waiver Pilot Program. He was not in custody for some time and at some point the immigration authorities took him into custody. The Department issued an administrative order of removal against him. After examination it was discovered that he had expressed a fear of persecution. Therefore, he was placed in asylum only proceedings by the issuance of the proper form, in

1

000001

Exhibit 1, which is dated February 6, 2004.

Under Section 217 of the Immigration and Nationality Act and the regulations, an alien admitted under this program who overstays his period of admission automatically waives his right to appeal an immigration officer's finding of deportability. He cannot contest any action other than on the basis for asylum.

One strange part of this case is that on July 22, 2005, an Immigration Judge in Arlington, Virginia ordered the respondent removed to the United Kingdom in absentia. This appears to have been an erroneous order in that an Immigration Judge cannot issue such an order in asylum only proceedings. He or she may only consider the asylum. At any rate, the judge there reopened the case on February 15, 2008.

The requirements for asylum are that he show first that he filed within one year of his arrival in the United States. He has not done that and there is no reason given for late filing; and, accordingly, he is deemed to be a late filer. But nevertheless, he can ask for protection for withholding of removal. And for that he must show that based upon either race, religion, nationality, membership in a social group or political opinion he will suffer persecution in a certain country. Whereas in an asylum case the burden is to show a reasonable possibility of persecution. For withholding he must show a clear probability of persecution.

Also there is the Torture Convention and for that one must

2                    November 6, 2008

show that he faces torture in a specific country.    Under <u>Matter</u> <u>of J-E-</u>, 23 I&N Dec. 291 (BIA 2002) it was held that he must show it is more likely than not that he will be tortured.  It must be severe physical mental pain or suffering.  It must be intentionally inflicted for a proscribed purpose and cannot be due to lawful sanctions.

The respondent testified that he is Jewish and also baptized.  His parents were born in Egypt; he has three sisters. He has a good education and has enjoyed considerable success in business.  A summary of his accomplishments is the first document in Exhibit 7.  It contains numerous letters and motions he has made to the Immigration Court.

It states he was educated at Trinity College in Cambridge. He is a gifted musician who studied piano and violin.  He attended the Guild Hall School of Music in London and he had tremendous success in the United States stock market.  He had established the Gazelle Global Fund, which made a 300% gain in value in 1995 and there were articles written about it.  Also he was well-known in social circles and was presented to the Princess of Wales in 1992.  He has a photograph to that effect.

His case is based upon the fact that he was reading his play on the street in London.  The play is Exhibit 8.  He claims he delivered a copy to be given to the Queen and he believes that she is aware of him; she is aware of his play which criticizes her government; she wishes to take    action against him.  He

3                    November 6, 2008

noted that they took him into custody from his apartment and took him to a psychiatric hospital, the Priory, where he escaped after 10 days. He claims he was forced to take a drug which caused him to gain 20 pounds in 10 days and even had to use a dirty razor where he was afraid of AIDS.

He fled England and went to Switzerland, Austria, Hungary, Germany and Belgium, finally to Australia, where he was again taken to some type of mental hospital and he was drugged and not able to function. His violin was stolen and he went back to London. Finally, he came to the United States.

I have read all of the materials he has submitted and also the State Department reports on England, which states that England has a very good human rights record. There are no political prisoners. People enjoy freedom of speech and religion. There are no politically motivated killings. The government has judicial independence, the right to a fair trial and all political rights are guaranteed to the citizens and, of course, to non-citizens.

In his Exhibit 7, toward the end there is a web page dated September 25, 2003, which states, as he said today, that he took prescription methamphetamine for medical purposes and that when he stops taking the drug, "I develop dementia, which progresses further and further until I resume taking the drug." Exhibit 7 contains numerous statements in his own hand that talk about his fear of persecution. He accuses the Queen of ordering the Chief

4                                         November 6, 2008

000004

Justice of the Cayman Islands to rule against him in a financial case, letter of June 9, 2008. In a letter to Immigration Judge Bryant, received on October 9, 2006, he says the FBI has "sent me up to be bashed and murdered here at the Denver County jail." He comments that other inmates have stolen his coffee and that he is suing Judge Bryant.

His letter of July 30, 2007, to the United Nation Commissioner for Human Rights states that the court appointed trustee in the financial case, Dr. Wanger, has conspired with the Queen and the Bush administration to cause him to lose his teeth and his fortune. He believes that Dr. Wanger is trying to kill him.

And he also states in a June 9, 2003 letter to Mr. DeLong, that he may need to go into the witness protection program and he states that he believes nerve agents were transmitted through the ventilation system in a Mexico City Sheraton Hotel, which has damaged him. And he claims to have PTSD also.

I believe that Mr. Cohen is a very intelligent, well-educated person. I believe he is telling me what he believes to be the truth, but I also find that his asylum case is based upon speculation and delusion and paranoia. I believe that if he returned to England the Queen would have no interest in him whatsoever. He has had people take him into medical custody in three or four different countries. Obviously there is a reason that he has been taken into custody for this type of treatment.

█████████████        5        November 6, 2008

And I find that he has not proven that the government of England is possibly going to single him out for persecution because he is Jewish. Although there are documents showing that there are skinheads and other Nazi types of people in England who do attack Jewish people on occasion, he has not shown that the government of England is unwilling or unable to protect him from those people. Matter of McMullen. There is no reliable report in the file to show that the government of England routinely denies people their human rights when they have any type of medical detention for any reason.

For these reasons I find that he was not persecuted in the past, there is no reasonable fear of persecution in the future, and he has not shown a clear probability of torture.

### ORDER

It is ordered that the applications for asylum, withholding and the Torture Convention be denied.

JAMES P. VANDELLO
Immigration Judge

6                    November 6, 2008

000006



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

**COHEN, SOLOMON BEN-TOY**
**11901 E. 30TH AVE**
**AURORA, CO 80010**

**Office of the District Counsel/DEN**
**4730 Paris St., Albrook Center**
**Denver, CO 80239**

**Name: COHEN, SOLOMON BEN-TOY**

<span>██████████</span>

**<u>D</u>ate of this notice: 4/7/2009**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
  Pauley, Roger

000007

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: ███████████ Denver, CO

Date: APR - 7 2009

In re: SOLOMON BEN-TOY <u>COHEN</u>

IN ASYLUM PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF APPLICANT: Pro se

APPLICATION: Asylum; withholding of removal; Convention Against Torture

The applicant, a native and citizen of the United Kingdom, has appealed from the Immigration Judge's decision dated November 6, 2008. In his decision, the Immigration Judge denied the applicant's application for asylum and withholding of removal (Form I-589) under sections 208 and 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231(b)(3), and his request for protection under the Convention Against Torture. 8 C.F.R. §§ 1208.16-.18. The appeal will be dismissed, and his motion to remand will be denied.

Before we reach the merits of the applicant's claim, we must address the arguments he made regarding the fairness of his hearing. We simply find no merit to the numerous due process arguments raised by the applicant on appeal. He has not provided any evidence or factual examples to support his assertion that the Immigration Judge was biased because of his prison uniform or that the United States' asylum process is "unfair and dangerous." Turning to the applicant's assertion that numerous attorneys provided ineffective assistance in his case, the Attorney General recently held that an applicant should file the following documents to the Board (i) a copy of his agreement, if any, with the lawyer whose performance he alleges was deficient; (ii) a copy of a letter to his former lawyer specifying the lawyer's deficient performance and a copy of the lawyer's response, if any; (iii) a completed and signed complaint addressed to, but not necessarily filed with, the appropriate State bar or disciplinary authority; (iv) a copy of any document or evidence, or an affidavit summarizing any testimony, that the alien alleges the lawyer failed to submit previously; and (v) a statement by new counsel expressing a belief that the performance of former counsel fell below minimal standards of professional competence. If any of these documents is unavailable, the alien must explain why. If any of these documents is missing rather than nonexistent, the alien must summarize the document's contents in his affidavit. *Matter of Compean, Bangaly & J-E-C-*, 24 I&N Dec. 710 (BIA 2009). The applicant has failed to comply with any of the requirements set forth above. Hence, we cannot conclude that he was provided with ineffective assistance. Accordingly, we cannot conclude that the applicant's due process rights were violated in any way.

Additionally, we find no merit to the applicant's argument that the Immigration Judge violated his due process rights by not continuing his case so that he could obtain more evidence from abroad and better prepare his case. The decision to grant or deny a continuance is within the discretion of the Immigration Judge, and that decision will not be overturned on appeal unless it appears that the

■■■■■■■■

applicant was deprived of a full and fair hearing. *See Matter of Perez-Andrade*, 19 I&N Dec. 433 (BIA 1987); *see also* 8 C.F.R. §§ 1003.29 and 1240.45. In this case, we find no basis to conclude that the applicant was denied a full and fair hearing. First, the applicant was served with a Notice of Referral to Immigration Judge (Form I-863) on February 6, 2004 (Exh. 1). His individual hearing was on November 6, 2008. Since the applicant had nearly 5 years to prepare his case, we find that it would be unreasonable to continue proceedings indefinitely to allow the applicant more time to gather evidence and prepare his case. In that regard, we note that an Immigration Judge is not required to continue proceedings indefinitely, especially when the applicant's claim does not appear to be meritorious in the first instance. Second, the applicant has not specifically stated what evidence he would be able to obtain that would support his claim or how it would change the outcome of his case even if he was provided with a continuance. Based on the foregoing, we find that the Immigration Judge properly denied the applicant's request for a continuance. 8 C.F.R. § 1003.29.

Turning to the merits of the applicant's claim, we agree with the Immigration Judge's finding that the applicant failed to file his application for asylum within the 1-year deadline and failed to prove that he should be excepted from the time limitations. 8 C.F.R. § 1208.4(a). The applicant entered the United States on June 21, 2002, but he did not file his asylum application until approximately September 21, 2007 (Exhs. 1, 4). On appeal, the applicant asserts changed circumstances in that the British vice consul pressured him into dropping his asylum request in December 2003 and the British Queen ordered that a Cayman court terminate protection of his $5.6 million dollar trust, and has further denied him access to the trust.[1] Even if the above allegations constituted "changed circumstances" pursuant to 8 C.F.R. § 1208.4(a)(4)(A), the applicant did not file his application within a reasonable period under the circumstances. *See* 8 C.F.R. § 1208.4(a)(4)(A)(ii). Specifically, the British consul visited him nearly 4 years before the applicant filed his asylum application; additionally, the e-mail which allegedly informed the applicant that his trust was no longer court protected was dated 7 months before the applicant filed his asylum application.[2] We find that such an extended delay in filing the asylum application was simply not reasonable under the circumstances. *See* 8 C.F.R. § 1208.4(a)(4)(A)(ii).

The applicant also asserts extraordinary circumstances for the delay in filing his application for asylum. Specifically, he asserts that he filled out his application for asylum around Easter 2003 at a Hilton hotel, but his property was seized by the hotel and never returned. He also asserts that he lost 3 teeth, had no money, was nearly killed at the Denver County Jail, was taken to the Jackson Memorial Hospital psychiatric ward, and received ineffective assistance of counsel in 2002. Regarding the alleged seizure of his property by the Hilton hotel, this occurred approximately 4 years before the applicant filed his asylum application. Again, this was an unreasonable delay on the applicant's part. Moreover, there is no evidence contained in the record to support the applicant's

---

[1] The evidence that the respondent filed to support this assertion indicates that the respondent's trust was no longer court protected, but it does not indicate or support a finding that the Queen was the individual who initiated or caused this legal action to occur.

[2] We note that "Exhibit 40" which allegedly supports the respondent's assertion that a trustee refuses to pay him money from his trust is not contained in the record.

2

000009

allegation that he lost his teeth and was nearly killed in jail. He did not provide any further factual allegations regarding the dates that he spent in the Jackson Memorial Hospital. Hence, we are unable to determine if the hospitalization was so serious and prolonged that it would affect his ability to file his asylum application. *See* 8 C.F.R. § 1208.4(a)(5)(i). Additionally, the applicant's alleged lack of funds is not the type of "extraordinary circumstance" described in 8 C.F.R. § 1208.4(a)(5) that would excuse his delay in filing his application for asylum. Finally, although the applicant alleges in his brief that the attorney who represented him in 2002 did no work for him, the bar complaint the applicant filed against the attorney only alleges that the attorney will not give him a copy of a fee agreement. It does not allege any ineffective assistance with respect to the merits of the applicant's claim. Hence, we cannot conclude that the applicant was provided ineffective assistance of counsel as described in 8 C.F.R. § 1208.4(a)(5)(iii).

We further agree with the Immigration Judge's finding that the applicant was not persecuted in the past and has not shown a clear probability of persecution or torture in the future (I.J. at 6). In that regard, the Immigration Judge properly determined that the applicant's case, in which the applicant alleges that the Queen of England had him detained in a psychiactric hospital for 10 days and seized $5.6 million of his assets because he wrote a play criticizing the British government, is based on "delusion and paranoia" (I.J. at 5). The objective evidence in the record supports such a finding because it demonstrates that the applicant has been taken into medical custody numerous times and in several different countries, including the United States, and that he has been placed on many different psychotropic drugs.[3]

Since the applicant has failed to establish that he suffered past persecution, he is not entitled to the presumption that his life or freedom would be threatened in the future. 8 C.F.R. § 1208.16(b)(1). Rather, he must prove that it is more likely than not that he would be persecuted on account of one of the grounds enumerated in the Act or tortured. 8 C.F.R. § 1208.16(b)(2), (c). In this matter, we agree with the Immigration Judge's determination that the applicant's testimony and his evidence failed to prove that it is more likely than not that his life or freedom would be threatened in the Untied Kingdom on account of his political opinion, Jewish ethnicity, homosexuality or any other ground enumerated in the Act or that he would be tortured upon return to the United Kingdom (I.J. at 6). 8 C.F.R. §§ 1208.16-.18. As such, the Immigration Judge properly denied the applicant's application for asylum and withholding of removal (Form I-589) and his request for protection under the Convention Against Torture.

With regard to the applicant's motion to remand, he contends that he has new material evidence that was previously unavailable to him. However, this evidence appears to have been available to the applicant during the pendency of his proceedings before the Immigration Judge because the vast majority of the items pre-date his individual hearing. As such, the evidence could have and should have been presented by the applicant before the Immigration Judge. The motions process is not meant to serve as a substitute for a detailed application for asylum and withholding of removal (Form I-589). The only piece of evidence offered that appears not to pre-date the applicant's individual

---

[3] The respondent also attempts to set forth a claim based on his Jewish ethnicity and his homosexuality. However, he has failed to allege sufficient facts upon which to support such claims.

3

000010

hearing is a bar complaint against an attorney that allegedly worked for the applicant in 2002, but it only alleges that the attorney will not give him a copy of a fee agreement; it does not allege any facts that would change the outcome of the proceedings. Additionally, the complaint could have been filed before 2009.

Finally, regarding the applicant's statements on the issue of a bond, we note that bond proceedings are separate and apart from removal proceedings. We do not have the authority to consider the applicant's custody status in the context of these removal proceedings. 8 C.F.R. § 1003.19(d); *Matter of P-C-M-*, 20 I&N Dec. 432 (BIA 1991); *Matter of Balderas*, 20 I&N Dec. 389 (BIA 1991). We further have no jurisdiction over habeas corpus provisions contained at 28 U.S.C. § 2243 or extraordinary ability green cards. Accordingly, we decline to address these issues.

Accordingly, the following orders will be entered.

ORDER: The appeal is dismissed.

FURTHER ORDER: The motion is denied.

FOR THE BOARD

4

000011

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SOLOMON BEN-TOV COHEN

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 09-9519

---

## ORDER

---

Before **BRISCOE** and **HOLMES**, Circuit Judges.

---

Solomon Ben-Tov Cohen, a citizen of the United Kingdom, seeks a stay of

removal pending this court's consideration of his petition for review of the order

of the Board of Immigration Appeals (BIA) denying his asylum application.

A stay is "an exercise of judicial discretion" and "not a matter of right,

even if irreparable injury might otherwise result." *Nken v. Holder*, No. 08-681,

2009 WL 1065976, at *11 (U.S. Apr. 22, 2009) (quotations and citations omitted).

"[T]he propriety of its issue is dependent upon the circumstances of the particular

case. The party requesting a stay bears the burden of showing that the

000012

circumstances justify an exercise of that discretion." *Id.* (quotations omitted).

The legal principles governing a court's discretion

> have been distilled into consideration of four factors: (1) whether
> the stay applicant has made a strong showing that he is likely to
> succeed on the merits; (2) whether the applicant will be irreparably
> injured absent a stay; (3) whether issuance of the stay will
> substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Id.* (quotation omitted). This court requires a motion for a stay pending appeal to

address these four factors and also demonstrate the matter's jurisdictional basis.

*See Lim v. Ashcroft*, 375 F.3d 1011, 1012 (10th Cir. 2004); 10th Cir. R. 8.1.

Upon our consideration of the relevant factors, we conclude that

Mr. Cohen's motion does not satisfy the designated burden of proof. In

particular, his claim that the BIA made an incorrect decision does not show a

likelihood of success on the merits. The motion for a stay is DENIED.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-2-

# U.S. Department of Justice
Immigration and Naturalization Service

## Warning for Failure to Depart

| Name: | District Office: | File #: |
|---|---|---|
| COHEN. SOLOMON BENTOV | Denver Field Office | ████████ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

    (A)  willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

    (B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

    (C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

    (D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*    Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preven the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 04/07/2009 | 212a7Aii of the Immigration and Nationality Act (ACT), as amended. |

### Record of Service
(Check method used)

### ( X ) Record of Personal Service

| Served By: (Print Name and Title of Officer) Kevin Ritchie Supervisory Immigration Enforcement Agent | Date: 7/09/09 |
|---|---|

| Officer's Signature | Location of Service: EL Paso County Criminal Justice Center, Colorado Springs, Colorado |
|---|---|

| Served On: (Alien's Signature) REFUSED TO SIGN | Date: 7/09/09 |
|---|---|

( ) Warning administered in Court (Copy of order attached)

### Record of Personal Service (Cont.)

( ) Certified Mail Service

Fingerprint of Alien (Specify finger used)

\*\*\*\*\*\*\*\*\* Right Index \*\*\*\*\*\*\*\*\*

**Attach certified mail receipts here.**

Form I-229(a)

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☒ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

☒ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☒ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☒ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☒ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☒ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☒ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☒ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☒ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☒ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☒ Other: In addition to the above indicated, you are to provide ICE with valid, verifiable proof of identity. You must provide documents from your country of citizenship or nationality that bear your name, biographical information and picture (if available.) Also, you are to complete any and all documents required from the _____ Consulate or Embassy for the issuance of a travel document. Failure to do so will result in non-compliance of your obligations and shall result in the extension of the removal period.

Alien's Signature: _____    A Number(s): A77 309 675

Served by: Kevin Ritchie SIEA _____ on: 7/09/09 at El Paso County CO.
        Officer's Name                            Date          Location

To be served with I-229 (a) no later than 30 days after the final order

(Rev 1(V24/02)

000015

# U.S. Department of Justice

Immigration and Naturalization S\. .ice

# Warning for Failure to Depart

| Name: | District Office: | File #: |
|---|---|---|
| COHEN-Ben Tov, Solomon | DEN/CO | ▉ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

\* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preve the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 11/26/2003 | Section 237(a)(1)(B) |

## Record of Service
### (Check method used)

| ( ) | Record of Personal Service | | |
|---|---|---|---|
| Served By: (Print Name and Title of Officer) Kelly Garbiso Deportation Officer | | | Date: 08-04-09 |
| Officer's Signature: Kelly G/ | | Location of Service: Pueblo, Colorado | |
| Served On: (Alien's Signature) Refused To Sign | | | Date: 08-04-09 |

| ( ) Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( ) Certified Mail Service | Fingerprint of Alien (Specify finger used) |
| **Attach certified mail receipts here.** | Right INDEX |

Form I-229(a)
(Revised 12/04/02)

Office of ~~~~~ ~tion and Removal Operations
Denver ~~~~ Office

U.S. Department of Homeland Security
4730 Paris Street
Denver, Colorado 80239



# U.S. Immigration and Customs Enforcement

Solomon COHEN-Ben Tov
Bkg # 0900010842
C/O El Paso County Jail
2739 E. Las Vegas St.
Colorado Springs, CO 80906

## Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On August 4, 2009. you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have continuously and consistently failed to so much as acknowledge the Warning for Failure to Depart (Form I-229(a)), the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal and you have been reluctant to complete the questionnaire for a passport provided by the British Consulate. you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

You are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you.

In order for you to come into compliance you must acknowledge and be cooperative with your obligations to assist ICE in enforcing your removal. Furthermore, you must be willing to complete the required documents by the British Consulate in order to obtain a British Passport.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document. may subject you to criminal prosecution under 8 USC Section 1253(a).

_____ D.C.D.
Signature of Field Office Director/Designated Representative

8/26/09
Date

000017

---

## PROOF OF SERVICE

(1) Personal Service (Officer to complete both (a) and (b) below.)

(a) I _____Kelly Garbiso_____, _____Deportation Officer_____,
    Name of ICE Officer                                Title

certify that I served _____Solomon COHEN-Ben Tov_____ with a copy of
                              Name of detainee

this document at _____El Paso County Jail_____ on _____08-28-09_____, at _____0430_____
                        Institution                  Date              Time

(b) I certify that I served the custodian _____,
                                                    Name of Official

_____, at _____, on
        Title                              Institution

_____ with a copy of this document.
    Date

# OR

(2) Service by certified mail, return receipt. (Attach copy of receipt)

I _____, _____, certify
        Name of ICE Officer                    Title

that I served _____ and the custodian _____,
        Name of detainee                          Name of Official

with a copy of this document by certified mail at _____ on _____
                                                        Institution              Date

( X ) cc: A-File



## U.S. Immigration and Customs Enforcement

COHEN-BenTev, Solomon
C/O El Paso County Jail
Colorado Springs, Colorado

### Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about: <u>October 1, 2009</u>. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

000019

U.S. Department of Homeland Security
Immigration and Customs Enforcement
Attn: Kelly Garbiso
32920 Walt Bassett Drive
Pueblo, Colorado 81001

---

## METHOD OF SERVICE

I certify that this form was provided to the alien by: ⟨ Hand ⟩    Institution Mail

( ) CC: Attorney of Record or Designated Representative
(X) CC: A-file

_Kelly Garbiso_    ~~September~~ August 28, 2009
Signature of Officer          Print Name of Officer          Date

000020

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:** Solomon COHEN-Ben Tov

**AKA(s):**

**Date of Birth:** ███████      **A Number:** ███████

**Place of Birth:** United Kingdom      **Nationality:** United Kingdom

**Date of Last Arrival:** 06/21/2002      **Place of Arrival:** Los Angeles, CA

**Status at Last Entry:** VWP
**Last Date into ICE Custody:** 05/27/2008

**Entered ICE Custody from:** ☒ **Local, State, or Federal Institution**
         **Institution Name/Location:** Denver County Jail, Denver, CO
         **BOP/ Institution Numbers:**
        ☐ **Other:** Apprehended at residence.

**Deportation Case Officer:** Trenton Blatt      **Review Date:** 10/01/2009
       **Contact Phone #:** (720) 875-2076

**ICE Location Detained and DCO:** IGSA, El Paso County Jail, DEN

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Sections 237(a)(1)(B)

☒ Under <u>Final Order</u> dated: 11/26/2003 by ☐ IJ    ☐ BIA    ☒ Other: Designated Official

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed:      ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued:

## Legal Representative / Attorney

**G-28 Filed:** ☐ Yes    ☒ No
**Notification of Review Made:** ☒ No    ☐ Yes   By:

**Name of Representative / Attorney:**

**Mailing Address:**          **Telephone Number:**

**Present during interview.** ☐ Yes ☒ No

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED. withholding, etc.))

Solomon COHEN-Ben Tov (hereafter referred to as COHEN) is a native and citizen of the United Kingdom who entered the United States on June 21, 2002 as a Visa Waiver Applicant. He was ordered removed on November 26, 2003 under section(s) 217 and 237(a)(1)(B) for violating the conditions of his entry.

On November 26, 2003, COHEN was taken into ICE custody and was issued an Order of Removal pursuant to section 217 if the Immigration and Nationality Act after he remained in the United States beyond the time permitted.

On February 3, 2004, COHEN expressed fear of returning to his native country and was interviewed by an Asylum Officer. His case was referred to an Immigration Judge. On November 6, 2008, the Immigration Judge denied the application for Asylum. COHEN appealed that decision to the Board of Immigration Appeals (BIA) and the BIA dismissed his appeal on April 7, 2009. On April 21, 2009. an Emergency Petition for Review was also denied by the 10th Circuit Court of Appeals.

NCIC Checks: ☒ Criminal History ☐ No Record Found
(State and Federal)

Criminal History: (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

California:
Arrested 04/17/2000 for Disorderly Conduct, Under the Influence of Drugs. dismissed due to interest of justice.
Arrested 07/18/2003 for Possession of Controlled Substance
Arrested 07/24/2003 for Possession for Sale/Transport Controlled Substance (Bench Warrant issued but agency will not extradite)
Utah:
Arrested 09/02/2003 for Felony Fleeing; No information on disposition.
Virginia:
Arrested 06/17/2005 for Possession of Controlled Substance.
Florida:
Arrested 04/12/2006 for Fraud after he allegedly failed to return a leased vehicle. Charges were dropped pm 05/01/2006.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCMU)

## Institutional / Disciplinary Record

Did the detainee have prior Disciplinary Reports? ☐ Yes ☒ No

    If Yes. List & Describe:

Disciplinary reports and incidents while in ICE Custody? ☐ Yes ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

Date of File Review:          10/01/2009

Date of Detainee Interview: (optional)
Location of Interview:          Non-Compliant. Subject was given 30 days notice to supply any supporting documentation for his release. None provided.

Reviewing/Interviewing Officer:          Trenton Blatt

Interpreter Used: (If subject was interviewed)      ☐ Yes ☒ No
Name:          N/A
Language/Dialect:

Discussion at interview/review: No interview conducted – file review only.

**Travel Document Status/History:**

List alien's attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal. and date of service of I-229(a) and Instruction Sheet to Detainee): COHEN was last served with form I-229(a) on 08/04/2009 (2nd notice). COHEN continues to refuse acknowledgement of receipt of the notice. COHEN also refuses to sign and submit the C-1 British Passport Application. The British Embassy has expressed that until COHEN signs the application they will not process any request by DHS to obtain the necessary travel document to affect the removal. There are copies of a valid passport issued in COHEN's name; however. DHS does not know the whereabouts of the passport.

List ICE's attempts to obtain a travel document and status:

A travel document request was submitted through eTD on April 21, 2009. A copy of the TD request was submitted to the British Consulate in Houston, TX. On June 8. 2009. the British Consulate issued a Certificate of Nationality but will not issue a passport or other type of travel document necessary for commercial airline travel. A HQTDU assistance letter was submitted and the British Embassy informed the official in HQ that they would not issue a passport until COHEN signed the passport application. ICE has attempted to get COHEN to sign the passport application on at least 3 occasions and he has refused all attempts.

Does the detainee have a place to live in the United States? ☐ Yes ☐ No
    Describe: Information for this element was not solicited.

Is the detainee subject to any parole or probation requirements? ☐ Yes ☒ No
    Describe:

Does the detainee have close family ties within the United States? ☐ Yes ☐ No
    Describe: Information for this element was not solicited.

Does the detainee have community ties or non-governmental sponsors? ☐ Yes ☐ No
    Describe: Information for this element was not solicited.

Does the detainee have any employment prospects? ☐ Yes ☐ No
    Describe: Information for this element was not solicited.

What is the detainee's employment history?
    Describe: Information for this element was not solicited.

What is the detainee's educational level?
    Describe: Information for this element was not solicited.

Does the detainee have any vocational training? ☐ Yes ☐ No
    Describe: Information for this element was not solicited.

Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?
    Describe: N/A

## Medical/Psychological Concerns

Does the detainee have any medical or psychological issues: ☒ Yes ☐ No

Description (to include Date and Source):

| |
| --- |
| COHEN has a history of ADHD and is currently taking medication for his illness. (Adderall) |

Other documentary evidence for consideration in this review (include any documentation submitted by detainee):

As this custody review is informational only, the subject was notified that the file review would be conducted on October 1, 2009. and that he was allowed to submit any supporting documentation for his release. Nothing has been received from the subject.

## Special Circumstances Concerns

Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?

☒ No   ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence. have a mental disorder and behavior associated with the disorder. and are likely to be violent in the future.

All cases that may possibly meet any of these provisions must be coordinated with HQCMU per existing guidance.

000027

# Officer Comments/Analysis & Recommendation

COHEN is a 48-year-old native and citizen of the United Kingdom who is present in the United States after having overstayed his allotted time under the VWP. COHEN continues to refuse to sign his passport application (which is the only item necessary to obtain a travel document) and insists that his immigration case is still pending before the court. COHEN expressed a fear of returning to his native country of England but was denied asylum by the Immigration Judge and the BIA.

For these reasons, I recommend that COHEN remain in custody until he becomes compliant with the requirements to complete and sign a British Passport Application so that DHS can affect his removal.

It is also recommended that this case be presented to the US Attorney in Colorado for violation of 8 USC 1253(a)(1)(B): Failure to depart.

Reviewing Officer #1
Name/Title:  Trenton Blatt,
             Deportation Officer

Date: 10/01/2009
Signature: _____

Reviewing Officer #2
Name/Title:

Date:
Signature: _____

Reviewing Officer
Name/Title: Claudia Lang, SDDO

Date: 10/01/2009
Signature: _____

# DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☒ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office:      Denver, Colorado

Signature of Field Office Director: _Jeffrey D. ___ DFOD_      Date: _10-5-09_

Deciding Official Name and Title:    John P. Longshore, Field Office Director

Office of Detention and Removal Operations
Denver Field Office

U.S. Department of Homeland Security
12445 E. Caley Ave.
Centennial, Colorado 80111



# U.S. Immigration
# and Customs
# Enforcement

Solomon Ben-Tov COHEN
Bkg # 0900010842
C/O El Paso County Jail
2739 E. Las Vegas St.
Colorado Springs, CO 80906

## Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On August 4, 2009, you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have continuously and consistently failed to so much as acknowledge the Warning for Failure to Depart (Form I-229(a)), the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal and you have been reluctant to complete the questionnaire for a passport provided by the British Consulate, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

You are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you.

In order for you to come into compliance you must acknowledge and be cooperative with your obligations to assist ICE in enforcing your removal. Furthermore, you must be willing to complete the required documents by the British Consulate in order to obtain a British Passport.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____
Signature of Field Office Director/Designated Representative

10-5-09
Date

000030

| Name: | District Office: | File #: |
|---|---|---|
| COHEN-Ben Tov, Solomon | DEN/CO | ████ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody

Any action the Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above

* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 11/26/2003 | Section 237(a)(1)(B) |

## Record of Service
(Check method used)

### Record of Personal Service

| ( X ) | | |
|---|---|---|
| Served By: (Print Name and Title of Officer) | | Date: |
| Trenton D. Blatt, Deportation Officer | | 10/27/03 |
| Officer's Signature: | Location of Service: | |
| | Aurora, CO | |
| Served On: (Alien's Signature) | | Date: |
| *Refused to Sign* | | |

| ( ) | Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|---|
| ( ) | Certified Mail Service | Fingerprint of Alien (Specify finger used) |

Attach certified mail receipts here.

Form I-229(a)

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☑ Submit passports (current and expired) to the INS. If you have a copy of your passport, you are to submit it.

☑ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☑ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☑ Submit to the INS birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☑ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☑ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☑ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☑ Provide INS with written copies of requests to embassies or consulates requesting issuance of a travel document.

☑ Provide INS with written copies of responses from embassies or consulates regarding your requests.

☑ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☐ Other: _____

Alien's Signature: _____Solomon Ben-Tov COHEN_____ A Number: ▇▇▇▇▇▇

Served by ___Trenton Blatt, Deportation Officer___ on __10/27/09__ at __GEO/CDF Aurora,CO__
            Officer's Name                        Date              Location

To be served with I-229 (a) no later than 30 days after the final order

(Rev. 10/24/02)

000032

| Name: | District Office: | File #: |
|---|---|---|
| COHEN-Ben Tov, Solomon | DEN/CO | ▇▇▇▇▇▇ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)  willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*  Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 11/26/2003 | Section 237(a)(1)(B) |

## Record of Service
### (Check method used)

### Record of Personal Service

| ( ) | | Date: |
|---|---|---|
| Served By: (Print Name and Title of Officer) | | 11/27/2009 |
| Roberto Sanchez, Deportation Officer | | |
| Officer's Signature: | Location of Service: Denver CDF (GEO) | |
| Served On: (Alien's Signature) *Refuse to Sign* | | Date: |

| ( ) Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( ) Certified Mail Service | Fingerprint of Alien (Specify finger used) |
| Attach certified mail receipts here. | |

Form I-229(a)
(Revised 12/04/02)

Office of [...]tion and Removal Operations
Denver Field Office

U.S. Department of Homeland Security
12445 E. Caley Ave.
Centennial, Colorado 80111



## U.S. Immigration
## and Customs
## Enforcement



Solomon Ben-Tov COHEN
C/O GEO CDF Aurora, CO
11901 East 30th Avenue
Aurora, CO 80010

## Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On November 27, 2009, you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have continuously and consistently failed to so much as acknowledge the Warning for Failure to Depart (Form I-229(a)), the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal and you have been reluctant to complete the questionnaire for a passport provided by the British Consulate, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

You are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you.

In order for you to come into compliance you must acknowledge and be cooperative with your obligations to assist ICE in enforcing your removal. Furthermore, you must be willing to complete the required documents by the British Consulate in order to obtain a British Passport.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____   DFOD     1-12-10
Signature of Field Office Director/Designated Representative          Date

000036

## PROOF OF SERVICE

(1)  Personal Service (Officer to complete both (a) and (b) below.)

(a)  I  _Trenton D Blatt_____ , __Deportation Officer__ ,

     Name of ICE Officer                          Title

certify that I served ____Solomon COHEN-Ben Tov_____ with a copy of

                        Name of detainee

this document at ____GEO/CDF Aurora, CO__ on _____ , at __0810__ .

     Institution                      Date              Time

(b)  I certify that I served the custodian _____ .

                                        Name of Official

_____ , at _____ , on

     Title                         Institution

_____ with a copy of this document.

     Date

# OR

(2)  Service by certified mail, return receipt. (Attach copy of receipt)

     I _____ , _____ , certify

          Name of ICE Officer                  Title

that I served _____ and the custodian _____ .

     Name of detainee                       Name of Official

with a copy of this document by certified mail at _____ on _____ .

                                        Institution          Date

( X ) cc: A-File