# EXHIBIT 8

## Copy

## of

## "Respondent's Motion to Dismiss" filed in Tenth Circuit Court of Appeals Mr Tony West dated 03/01/2010.

11 0428

**FILED**

FEB 2 4 2011

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| SOLOMON BEN-TOV COHEN, | ) |
| | ) |
| Petitioner/Appellant, | ) |
| v. | ) |
| | ) |
| THERESA A. HUNT, | ) |
| | ) |
| Respondent/Appellee. | ) |

## RESPONDENT'S MOTION TO DISMISS

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and 10th Circuit Rule 27.2(A)(1)(a), Respondent respectfully requests the Court dismiss this appeal as moot because Petitioner has been transferred to federal non-immigration custody pursuant to his indictment on criminal charges.

## STATEMENT OF FACTS

In this habeas case, Solomon Ben-Toy Cohen ("Cohen"), a native and citizen of the United Kingdom, seeks reversal of a district court decision dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction. Cohen filed a petition for habeas corpus on August 28, 2008, which he amended on September 3, 2008. (R at 1). Respondent moved to dismiss Cohen's petition for lack of subject matter jurisdiction. (R at 164). The Magistrate Judge recommended dismissal, finding that 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B)(ii) precluded review of the Attorney General's discretionary determination to detain aliens whose removal proceedings are pending. (R at

520). The district court affirmed the recommendation of the Magistrate Judge on June 8, 2009, and entered a final order dismissing Cohen's petition. (R at 605-07). On June 28, 2009, Cohen filed a letter, which the Court construed as a Notice of Appeal. (R at 608). On December 4, 2009, Cohen filed his opening appellate brief. Respondent filed an answer brief on February 3, 2010.

On February 10, 2010, Cohen was indicted on five counts of "refusing to apply for documents for deportation" in violation of 8 U.S.C. §1253(a)(1)(B). *See* Indictment, Case No. 1:10-cr-00091 (attached as Exhibit A). That same day, the government issued a warrant for Cohen's arrest. *See* Arrest Warrant (attached as Exhibit B). He was taken into the custody of the U.S. Marshal Service on February 17, 2010. *See* Docket Report, Case No. 1:10-cr-00091 (attached as Exhibit C). On February 22, 2010, the district court conducted a detention hearing and concluded that Cohen should remain in federal custody pending trial. *See* Order of Detention (attached as Exhibit D). Cohen's criminal trial is currently set for April 26, 2010. *See* Exhibit C.

## ARGUMENT

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, a petitioner must

have suffered or be threatened with an actual injury traceable to the respondents, which is likely to be redressed by a favorable judicial decision. *Id.*

A habeas petition does not necessarily become moot if the petitioner is no longer "in custody." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, for a habeas petition to present a live controversy in cases where the petitioner has been released from that custody, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Spencer*, 523 U.S. at 7. In order to save a claim from mootness, a collateral consequence cannot be speculative. *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1996).

Cohen's transfer from the custody of DHS on February 17, 2010 renders his habeas petition moot. The relief sought in Cohen's habeas petition is release from the custody of Department of Homeland Security ("DHS"). (Pet. Br. at p. 9). Because he is no longer in ICE custody, the relief Cohen requests is no longer available and cannot be redressed by a favorable judicial decision. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (alien's habeas challenge rendered moot by release from custody); *Riley v. INS*, 310 F.3d 1253, 1257 (10 Cir. 2002) (same); *see also Atem v. Ashcroft*, 312 F. Supp. 2d 792, 794 n.1, 796 (E.D. Va. 2004) (habeas petition moot where alien was held as immigration detainee but later transferred to the custody of the U.S. Marshal, and remained in federal, non-immigration custody); *Hashi v. Chertoff*, No. 07-1789, 2008 WL 1787322, at *2 (S.D. Cal. Apr. 15, 2008) (habeas petition moot where alien indicted in United States District Court and transferred from DHS custody into the

custody of the U.S. Marshals Service). In light of Cohen's transfer from DHS custody, a "favorable juridical decision" will not redress any "actual injury traceable" to Respondent. *Spencer*, 523 U.S. at 7. The outcome of Cohen's criminal case and subsequent circumstances of his return to DHS custody are speculative at best. As such, this appeal no longer presents a case or controversy subject to this Court's jurisdiction, and it should be dismissed as moot.

## CONCLUSION

For the reasons stated above, the Respondent respectfully requests this Court dismiss Cohen's appeal as moot.

Dated: March 1, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. STEVENS
Assistant Director, District Court Sec.
Office of Immigration Litigation

**s/ Christopher W. Dempsey**
CHRISTOPHER W. DEMPSEY
Senior Litigation Counsel
District Court Section - OIL
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4110
Facsimile: (202) 305-7000
E-mail: christopher.dempsey@usdoj.gov

Attorneys for Respondent

## CERTIFICATE OF DIGITAL SUBMISSION

It is hereby certified that (1) the PDF version of this document is an exact copy of the written document filed with the Clerk of this Court; (2) all required privacy redactions have been made; and (3) this document has been scanned for viruses using TREND MICRO (TM) Office Scan for Windows, Version 7.3, Engine Version 8.950.1094, Virus Pattern File 6.667.00, dated 2/2/09, which has indicated that the document is virus-free.

s/Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
Senior Litigation Counsel
District Court Section - OIL
U.S. Department of Justice, Civil Div.
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4110

Dated: March 1, 2010

Attorney for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I electronically filed the foregoing

**RESPONDENT'S MOTION TO DISMISS** with the Clerk of the Court for the

United States Court of Appeals for the Tenth Circuit by using the appellate

CM/ECF system. I further certify that a copy of the attached was served upon *pro*

*se* Petitioner by causing it to be placed in the Department of Justice mail room for

same-day mailing, First Class postage prepaid, addressed to the following address

listed on the Court's docket:

> Solomon Ben-Tov Cohen, *pro se*
> Inmate # 2010-00000796
> Douglas County Jail
> 11000 Justice Way
> Castle Rock, CO 80109

> **s/Christopher W. Dempsey**
> CHRISTOPHER W. DEMPSEY
> Senior Litigation Counsel
> District Court Section - OIL
> U.S. Department of Justice, Civil Div.
> P.O. Box 868, Ben Franklin Station
> Washington, DC 20044
> Telephone: (202) 532-4110

Dated: March 1, 2010                    Attorney for Respondent

# INDEX OF ATTACHED EXHIBITS

## No. 09-1277

## *Cohen v. Hunt*

| Exhibit A | Indictment |
|---|---|
| Exhibit B | Arrest Warrant |
| Exhibit C | Docket Sheet, Case No. 1:10-cr-00091 |
| Exhibit D | Order of Detention |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**

**1.    SOLOMON BEN-TOV COHEN,**

   **Defendant.**

---

## INDICTMENT
### 8 U.S.C. § 1253(a)(1)(B)
### Refusal to Apply for Documents for Deportation

---

The Grand Jury charges:

## COUNT 1

Between on or about December 24, 2009 and January 31, 2010, SOLOMON BEN-TOV COHEN, an alien (a person who is not a citizen or national of the United States), against whom a final order of removal from the United States was outstanding by reason of being a deportable alien, as defined under Title 8, United States Code, Section 1227(a), did willfully fail and refuse to make a timely, good faith application for documents necessary for his departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(B).

## COUNT 2

Between on or about November 27, 2009 and December 23, 2009, SOLOMON BEN-TOV COHEN, an alien (a person who is not a citizen or national of the United States), against whom a final order of removal from the United States was outstanding by reason of being a deportable alien, as defined under Title 8, United States Code, Section 1227(a), did willfully fail and refuse to make a timely, good faith application for documents necessary for his departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(B).

## COUNT 3

Between on or about October 27, 2009 and November 26, 2009, SOLOMON BEN-TOV COHEN, an alien (a person who is not a citizen or national of the United States), against whom a final order of removal from the United States was outstanding by reason of being a deportable alien, as defined under Title 8, United States Code, Section 1227(a), did willfully fail and refuse to make a timely, good faith application for documents necessary for his departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(B).

## COUNT 4

Between on or about August 4, 2009 and October 26, 2009, SOLOMON BEN-TOV COHEN, an alien (a person who is not a citizen or national of the United States), against whom a final order of removal from the United States was outstanding by reason of being a deportable alien,

as defined under Title 8, United States Code, Section 1227(a), did willfully fail and refuse to make a timely, good faith application for documents necessary for his departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(B).

## COUNT 5

Between on or about July 9, 2009 and August 3, 2009, SOLOMON BEN-TOV COHEN, an alien (a person who is not a citizen or national of the United States), against whom a final order of removal from the United States was outstanding by reason of being a deportable alien, as defined under Title 8, United States Code, Section 1227(a), did willfully fail and refuse to make a timely, good faith application for documents necessary for his departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(B).

A TRUE BILL


Ink signature on file in the Clerk's Office
FOREPERSON


DAVID M. GAOUETTE
United States Attorney


by:  s/ John M. Canedy
JOHN M. CANEDY
Special Assistant United States Attorney
IVAN GARDZELEWSKI
Special Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0122
Telecopier: (303) 454-0403
Email: John.Canedy@usdoj.gov
Attorney for the United States

## INFORMATION SHEET

DEFENDANT                  SOLOMON BEN-TOV COHEN

YEAR OF BIRTH              1960

ADDRESS:                   In ICE custody

COMPLAINT FILED? _____ YES __X__ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? No

OFFENSE:                   Count 1-5: 8 U.S.C. § 1253(a)(1)(B)
                           Refusal to Apply for Documents for Deportation

LOCATION OF OFFENSE:  Adams County, Colorado

PENALTY:                   Counts 1-5: NMT 4 years imprisonment; NMT $250,000 fine, or both;
                           NMT 1 year supervised release; $100 special assessment fee

AGENT:                     Trenton D. Blatt, ICE

AUTHORIZED BY:             John M. Canedy, Special Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ X   five days or less

THE GOVERNMENT

_____ X   will seek detention in this

The statutory presumption of detention **is not** applicable to this defendant.

OCDEF CASE:           _____ Yes __X__ No

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| 1. SOLMON BEN-TOV COHEN, | ) | Case No.   10-cr-00091-REB |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    SOLOMON BEN-TOV COHEN _____
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint

☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
  Refusal to Apply for Documents for Deportation in Violation of Title 8 U.S.C., Section 1253(a)(1)(B).

Date:   02/10/2010 _____                                              s/KTriplett _____
                                                                    *Issuing officer's signature*

City and state:    Denver, Colorado _____                     Greg Langham, Clerk
                                                                    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____                                            _____ <br> *Arresting officer's signature* <br><br> _____ <br> *Printed name and title* |

# U.S. District Court
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:10-cr-00091-REB All Defendants

Case title: USA v. Cohen                          Date Filed: 02/10/2010

Assigned to: Judge Robert E. Blackburn

## Defendant (1)

**Solomon Ben-Tov Cohen**               represented by **Janine Yunker**
Office of the Federal Public Defender
633 Seventeenth Street
#1000
Denver , CO 80202
303-294-7002
Fax: 303-294-1192
Email: Janine_Yunker@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts                         **Disposition**
REFUSAL TO APPLY FOR
DOCUMENTS FOR DEPORTATION
(1-5)

### Highest Offense Level (Opening)
Felony

### Terminated Counts                      **Disposition**
None

### Highest Offense Level (Terminated)
None

### Complaints                             **Disposition**
None

## Plaintiff