UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 24 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Solomon Ben-Tov Cohen, )
)
Plaintiff, )
)
v. ) Civil Action No. 11 0428
)
)
Michael B. Mukasey, *et al.*, )
)
Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted or seeks monetary relief from an immune defendant.

Plaintiff is an immigration detainee at a facility in Aurora, Colorado. He sues former Attorney General Michael Mukasey and Assistant Attorney General Tony West under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that Mukasey "returned a false Answer" in response to his habeas corpus petition filed in the United States District Court for the District of Colorado, Compl. at 2, 6-7, and he faults West for filing a motion in the United States Court of Appeals for the Tenth Circuit to dismiss his appeal as moot, which was granted. *Id* at 11-12. Plaintiff seeks $6 million in monetary damages from each defendant. *Id.* at 19.

This Court has a "duty . . . to stop insubstantial *Bivens* actions in their tracks and get rid of them." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 370 (D.C. Cir. 1997) (citations omitted). A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff has stated no facts to support a claim against Mukasey in his personal capacity, and it is clear from the complaint attachments that Mukasey did not personally file any documents. As for the claims against West, a prosecuting attorney is absolutely immune from a lawsuit predicated on conduct, as alleged here, that falls within the scope of his prosecutorial duties. *See Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 686-687 (D.C. Cir. 2009). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: ~~January~~ Feb 9, 2011

United States District Judge